1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   YUA LEE,

11              Plaintiff,                    No. CIV S-06-1433 KJM

12        vs.

13
     MICHAEL J. ASTRUE,
14   Commissioner of Social Security,

15              Defendant.              ORDER
     _____/
16

17              Plaintiff seeks judicial review of a final decision of the Commissioner of Social

18   Security ("Commissioner") denying applications for Disability Income Benefits ("DIB") and

19   Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act

20   ("Act"), respectively.  For the reasons discussed below, the court will deny plaintiff's motion for

21   summary judgment or remand and grant the Commissioner's cross-motion for summary

22   judgment.

23   /////

24   /////

25   /////

26   /////

I. Factual and Procedural Background

In a decision dated November 17, 2005, the ALJ determined plaintiff was not disabled.[1]  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review.  The ALJ found plaintiff has severe impairments of recurrent major depression, post traumatic stress disorder, neck and low back pain of uncertain etiology, and possible myofascial strain or pain syndrome but these impairments do not meet or medically equal a listed impairment; plaintiff is not totally credible; plaintiff can perform light work and mentally perform simple routine tasks; using Medical-Vocational Rule 202.18 as a framework for decision making, there are a significant number of jobs available to plaintiff; and

_____

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq.  Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

1   plaintiff is not disabled.  Administrative Transcript ("AT") 24-25.  Plaintiff contends the ALJ

2   improperly rejected the opinion of a treating psychiatrist, improperly discredited her testimony

3   and that of her daughter, and should not have relied on the Medical-Vocational Guidelines in

4   finding plaintiff not disabled.

5   II.  Standard of Review

6           The court reviews the Commissioner's decision to determine whether (1) it is

7   based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the

8   record as a whole supports it.  Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing

9   Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).

10  Substantial evidence means more than a mere scintilla of evidence, but less than a

11  preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v.

12  Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a

13  reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402

14  U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S.

15  197, 229, 59 S. Ct. 206 (1938)).  The record as a whole must be considered, Howard v. Heckler,

16  782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that

17  detracts from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir.

18  1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of

19  supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If

20  substantial evidence supports the administrative findings, or if there is conflicting evidence

21  supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see

22  Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an

23  improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d

24  1335, 1338 (9th Cir. 1988).

25  /////

26  /////

3

1   III.  <u>Analysis</u>

2         A.  Treating Psychiatrist

3              Plaintiff contends the ALJ improperly rejected the opinion of her treating

4   psychiatrist, Dr. Koike.  The weight given to medical opinions depends in part on whether they

5   are proffered by treating, examining, or non-examining professionals.  <u>Lester v. Chater</u>, 81 F.3d

6   821, 830 (9th Cir. 1995).  Ordinarily, more weight is given to the opinion of a treating

7   professional, who has a greater opportunity to know and observe the patient as an individual.  <u>Id.</u>;

8   <u>Smolen v. Chater</u>, 80 F.3d 1273, 1285 (9th Cir. 1996).

9              To evaluate whether an ALJ properly rejected a medical opinion, in addition to

10  considering its source, the court considers whether (1) contradictory opinions are in the record,

11  and (2) clinical findings support the opinions.  An ALJ may reject an uncontradicted opinion of a

12  treating or examining medical professional only for "clear and convincing" reasons.  <u>Lester</u>, 81

13  F.3d at 831.  In contrast, a contradicted opinion of a treating or examining professional may be

14  rejected for "specific and legitimate" reasons, that are supported by substantial evidence.  <u>Id</u>. at

15  830.  While a treating professional's opinion generally is accorded superior weight, if it is

16  contradicted by a supported examining professional's opinion (e.g., supported by different

17  independent clinical findings), the ALJ may resolve the conflict.  <u>Andrews v. Shalala</u>, 53 F.3d

18  1035, 1041 (9th Cir. 1995) (citing <u>Magallanes v. Bowen</u>, 881 F.2d 747, 751 (9th Cir. 1989)).  In

19  any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical

20  findings.  <u>Meanel v. Apfel</u>, 172 F.3d 1111, 1113 (9th Cir.1999) (treating physician's conclusory,

21  minimally supported opinion rejected); <u>see also</u> <u>Magallanes</u>, 881 F.2d at 751.  The opinion of a

22  non-examining professional, without other evidence, is insufficient to reject the opinion of a

23  treating or examining professional.  <u>Lester</u>, 81 F.3d at 831.

24             In a questionnaire dated September 2, 2005, plaintiff's treating psychiatrist, Dr.

25  Koike, opined that plaintiff  was severely impaired in six areas of social and work functions and

26  moderately severely impaired in three other areas.  AT 342-343.  The ALJ properly accorded

minimal weight to this opinion because the chart notes did not contain clinical findings supporting the extreme limitations assessed by Dr. Koike.  AT 17, 265, 266, 288, 290, 292, 294, 296, 298, 299, 326, 328, 332.[2]  The ALJ also properly considered contradictory opinions in the record, i.e., that of Dr. Joyce, an examining psychiatrist whose opinion was based on his own clinical observations, and that of the state agency psychiatrists.  AT 17, 197-201, 229-231. Although plaintiff is correct that these contradictory opinions predate plaintiff's treatment with Dr. Koike, these psychiatrists had available for review plaintiff's prior psychiatric records and there is no indication in the subsequent medical records that plaintiff had a deteriorating psychiatric condition.  AT 197, 217, 220-227, 231, 245, 255-261.  In addition, the ALJ appropriately factored into the weight he accorded Dr. Koike's opinion the observations of a fraud investigator, whose observations were inconsistent with the extreme limitations assessed by Dr. Koike.  AT 17, 209-212.  The reasons given by the ALJ for the weight he accorded Dr. Koike's opinion are specific and legitimate and supported by substantial evidence.

B.  Credibility

Plaintiff also contends the ALJ improperly discredited her testimony.  The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons.  See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995).  If credibility is critical, the ALJ must make an explicit credibility finding.  Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be supported by "a specific, cogent reason for the disbelief").

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors.  Bunnell v. Sullivan, 947

---

[2]  Although Dr. Koike at one point apparently informed a child support services worker that plaintiff was unable to work due to a mental defect, no clinical findings appear to support this conclusion.  AT 293.

F.2d 341, 344 (9th Cir. 1991) (en banc).  If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions.  See id. at 345-47.  The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities.  Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13.  Work records, physician and third party testimony about nature, severity and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant.  Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997).  A failure to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment.  See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995).  The ALJ may rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot substitute for medical diagnosis.  Marcia v. Sullivan, 900 F.2d 172, 177 n.6 (9th Cir. 1990).  "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing."  Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

Plaintiff testified she could sit for only thirty to forty minutes, walk or stand for ten minutes and that she could not lift anything.  AT 40-41.  Plaintiff also testified she was depressed, did little housework or cooking, and had difficulty driving because of her shoulder problems.  AT 41-44.  The ALJ found plaintiff's physical and mental complaints of a disabling condition to be not credible and set forth a detailed analysis of plaintiff's credibility encompassing two pages of the written decision.  AT 19-21.  The ALJ considered the minimal treatment plaintiff received after the motor vehicle accident in 2001 and that she was placed only

on modified work duty for seven days after that accident.  AT 19, 174.  The ALJ also factored

into his analysis the minimal clinical signs evident from both treating and examining physicians

and minimal treatment for physical complaints.  AT 19, 178, 179, 193-196, 248.  He also

considered plaintiff's self-reported activities of daily living and reports she was doing well on

psychiatric medications, the observations of a fraud investigator, and plaintiff's global

assessment of function (GAF) scores, which were consistently in the high 50 to 60 range.[3]  AT

19, 20, 209-212, 225, 261, 267, 275.  The factors considered by the ALJ all were valid and

supported by the record.  The ALJ's credibility determination was based on permissible grounds

and will not be disturbed.

Plaintiff also contends the ALJ improperly disregarded the testimony of her

daughter, Song Vang.  AT 45-56.  "[L]ay witness testimony as to a claimant's symptoms or how

an impairment affects ability to work is competent evidence, and therefore cannot be disregarded

without comment."  Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996); see also Dodrill v.

Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993) (friends and family members in a position to

observe a plaintiff's symptoms and daily activities are competent to testify to condition).  "If the

ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane

to each witness."  Dodrill, 12 F.3d at 919; see also Stout v. Commissioner SSA, 454 F.3d 1050,

1053-56 (9th Cir. 2006) (where ALJ fails to properly discuss competent lay testimony favorable

to plaintiff, court cannot consider error to be harmless unless it can confidently conclude no

reasonable ALJ, when fully crediting testimony, could have reached different disability

determination).

Here, the ALJ specifically addressed the daughter's testimony and found the

daughter's testimony not fully credible for the same reasons plaintiff was found to be not fully

---

[3]  GAF is a scale reflecting the "psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness." Diagnostic and Statistical Manual of Mental Disorders at 34 (4th ed. 2000) ("DSM IV-TR"). A GAF of 51-60 indicates moderate symptoms.

1    credible.  AT 18, 22.  Given the extensive discussion and reasons given for discrediting

2    plaintiff's testimony, the court finds the ALJ did not disregard without comment the laywitness

3    testimony and his reasons are germane.

4           C.  Medical-Vocational Guidelines

5                  Plaintiff also contends the ALJ erroneously relied on Grid Rule 202.18 to find

6    plaintiff not disabled.  The Medical-Vocational Guidelines ("the grids") are in table form.  The

7    tables present various combinations of factors the ALJ must consider in determining whether

8    other work is available.  See generally Desrosiers, 846 F.2d at 577-78 (Pregerson, J., concurring).

9    The factors include residual functional capacity, age, education and work experience.  For each

10   combination, the grids direct a finding of either "disabled" or "not disabled."

11                  There are limits on using the grids, an administrative tool to resolve individual

12   claims that fall into standardized patterns:  "[T]he ALJ may apply [the grids] in lieu of taking the

13   testimony of a vocational expert only when the grids accurately and completely describe the

14   claimant's abilities and limitations."  Jones v. Heckler, 760 F.2d 993, 998 (9th Cir. 1985); see

15   also Heckler v. Campbell, 461 U.S. 458, 462 n.5, 103 S. Ct. 1952, 1955 n.5 (1983).  The ALJ

16   may rely on the grids, however, even when a claimant has combined exertional and nonexertional

17   limitations, if nonexertional limitations are not so significant as to impact the claimant's

18   exertional capabilities.[4]  Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990), overruled on

19   other grounds, Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1991) (en banc); Polny v. Bowen, 864

20

21           [4] Exertional capabilities are the "primary strength activities" of sitting, standing, walking,
     lifting, carrying, pushing, or pulling.  20 C.F.R. § 416.969a(b); SSR 83-10, Glossary; compare
22   Cooper v. Sullivan, 880 F.2d 1152, 1155 n. 6 (9th Cir. 1989).

23           Non-exertional activities include mental, sensory, postural, manipulative and
     environmental matters that do not directly affect the primary strength activities. 20 C.F.R.
24   § 416.969a (c); SSR 83-10, Glossary; Cooper, 880 F.2d at 1155 & n. 7 (citing 20 C.F.R. pt. 404,
     subpt. P, app. 2, § 200.00(e)).  "If a claimant has an impairment that limits his or her ability to
25   work without directly affecting his or her strength, the claimant is said to have nonexertional (not
     strength-related) limitations that are not covered by the grids."  Penny v. Sullivan, 2 F.3d 953,
26   958 (9th Cir. 1993) (citing 20 C.F.R., pt. 404, subpt. P, app. 2 § 200.00(d), (e)).

1    F.2d 661, 663-64 (9th Cir. 1988); see also Odle v. Heckler, 707 F.2d 439 (9th Cir. 1983)

2    (requiring significant limitation on exertional capabilities in order to depart from the grids).

3           The ALJ relied on the grids as well as identifying several unskilled sedentary and

4    light jobs that plaintiff can perform. AT 22-23, 122, 147. The ALJ specifically relied on Social

5    Security Ruling 85-15, which notes that unskilled jobs ordinarily involve dealing primarily with

6    objects, not people. AT 23. The ALJ also noted that the regulations notice 1,600 separate

7    sedentary and light unskilled occupations. Id.; 20 C.F.R., pt. 404, subpt. P, app. 2 § 202.00.

8    Having properly found plaintiff could perform simple routine tasks, the ALJ properly relied on

9    the grids, which administratively notice a significant number of jobs available to plaintiff, and on

10    the jobs the state agency previously identified.

11           The ALJ's decision is fully supported by substantial evidence in the record and

12    based on the proper legal standards. Accordingly, IT IS HEREBY ORDERED that:

13           1. Plaintiff's motion for summary judgment or remand is denied, and

14           2. The Commissioner's cross-motion for summary judgment is granted.

15    DATED: September 25, 2007.

18    _____
         U.S. MAGISTRATE JUDGE

21    006
22    leeyua.ss

9